IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

OWEN M. GBORPLAY, )
No. 7450517 )
 )
     Plaintiff, )
 ) Case No. 17-cv-155-JPG
vs. )
 )
SGT. BARNHILL, )
CTP. MEADORS, )
WARDEN ACUFF, )
PULASKI COUNTY DETENTION )
CENTER, and )
UNKNOWN PARTY

     Defendant.

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Owen M. Gborplay, a citizen of Liberia, is presently being detained in the Pulaski County Detention Center. According to Plaintiff's Original Complaint (Doc. 1), at the time of the incident in question, he was a federal Immigration and Customs Enforcement ("ICE") detainee awaiting deportation.[1] Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This matter is presently before the Court on Plaintiffs Motions for Leave to File an Amended Complaint (Doc. 5, filed on April 3, 2017 and Doc. 7, filed April 10, 2017).

---

[1] Plaintiff's legal status at the time of filing and at present is not entirely clear. Plaintiff's filings indicate that he is presently housed at the Pulaski County Detention Center (his pleadings have been mailed from the Pulaski County Detention Center) and that at one point he was an immigration detainee awaiting deportation. The ICE inmate locator states that Plaintiff is presently not in custody. This means that Plaintiff "was released from ICE custody within the last 60 days for any of the following reasons: Removed from or voluntarily departed the United States, Released from custody pending the outcome of their case, Released into the United States due to the resolution of the immigration case (e.g., grant of an immigration benefit that permits the person to remain in the country), or Transferred into the custody of another law enforcement or custodial agency." *See* https://locator.ice.gov/odls/searchByName.do.

1

## Background

Plaintiff's Original Complaint was filed on February 13, 2017. (Doc. 1). The original Complaint identified the following Defendants: (1) Sgt. Barnhill; (2) Cpt. Meadors; (3) Warden Acuff; (4) Pulaski County detention Center; and (5) Unknown Party (Medical Department). In his Complaint, Plaintiff alleges that on January 5, 2017 (while he was an immigration detainee being held awaiting deportation), after an incident in the "B" pod housing unit he was transferred to segregation. (Doc. 1, p. 1). Upon transfer, Plaintiff was stripped naked in front of other officers and the incident was recorded. *Id.* Additionally, he was placed in shackles around the ankles, wrist, and belly. (Doc. 1, p. 2). The shackles were extremely tight. *Id.* Plaintiff complained to Barnhill regarding the shackles but he refused to remove or loosen them. Plaintiff was left like this for 24 hours. *Id.* Every thirty minutes, a nurse examined him but refused to relay his concerns regarding the shackles being too tight. *Id.* In the morning, Sergeant Atkins and another officer entered Plaintiff's cell. *Id.* They agreed that the shackles were too tight and adjusted them. *Id.* Plaintiff alleges that due to the tightness of the shackles during that 24 hour period, he could not eat breakfast or lunch. *Id.* He also alleges that, as a result of this incident, he suffers from pain in his lung and occasionally has difficulty breathing at night. *Id.* He is also having difficulty sleeping and suffers from anxiety over the incident. *Id.* In connection with these claims, Plaintiff requests monetary damages.

On April 3, 2017, Plaintiff filed a Motion to Amend Complaint. (Doc. 5). The Motion and the proposed amended complaint were contained in a single document. The caption of the proposed amended complaint provides as follows with regard to the parties: "Owen M. Gborplay, Plaintiff v. Sgt. Barnhill, Pulaski Co. Detention et. al." However, the body of the proposed amended complaint only identifies a single defendant – Pulaski County Detention

Center. The proposed amended complaint does not include any claims pertaining to the January 5, 2017 incident described in the Original Complaint. Instead, the proposed amended complaint brings allegations, directed at the Pulaski County Detention Center, pertaining to unreasonable strip searches occurring between January and March of 2017. In connection with these claims, Plaintiff requests monetary damages.

On April 10, 2017, Plaintiff filed a second Motion to Amend Complaint. Once again, the motion and proposed amended complaint were contained in a single document. The caption of the second proposed amended complaint provides as follows with regard to the parties: "Owen M. Gborplay, Plaintiff v. Pulaski Co. Detention Medical Department et. al." The body of the proposed amended complaint only identifies a single defendant – Pulaski County Detention Center Medical Department. The allegations in the second proposed amended complaint focus, once again, on the January 5, 2017 incident described in the Original Complaint. However, all of the allegations are directed against the Pulaski County Detention Center Medical. Additionally, Plaintiff asserts facts that implicate ongoing and potentially serious health concerns. Specifically, Plaintiff alleges that, as a result of the January 5, 2017 incident, he is "suffering from sharp pain coming from under [his] heart and lack of breathing off and on throughout during the day." Plaintiff further alleges that he has requested medical treatment but has not yet been examined by a physician. In connection with these claims, Plaintiff seeks only monetary damages.

**Leave to File is Granted**

Pursuant to Federal Rule of Civil Procedure 15(a)(1), "[a] party may amend its pleading once as a matter of course." Plaintiff's April 3, 2017, Motion to Amend Complaint (Doc. 5) is **GRANTED** in accord with Federal Rule of Civil Procedure 15(a)(1). Accordingly, the Court

**DIRECTS** the Clerk of the Court to docket the proposed amended complaint as Plaintiff's First Amended Complaint.

After amending once as a matter of course, in order to file an additional amended complaint, a party must obtain either: (1) consent from the opposing party; or (2) leave of court. Fed. R. Civ. P. 15(a)(2). This Court is to "freely give leave when justice so requires." *Id*; *see Doe v. Howe Military School*, 227 F.3d 981, 989 (7th Cir. 2000). Plaintiff's April 10, 2017 Motion to Amend Complaint (Doc. 7) is **GRANTED** in accord with Federal Rule of Civil Procedure 15(a)(2). Accordingly, the Court **DIRECTS** the clerk of the Court to docket the proposed amended complaint as Plaintiff's Second Amended Complaint.

### Treatment of Amended Pleadings

The Court suspects that, when Plaintiff submitted his amended pleadings, Plaintiff intended to supplement rather than replace the claims in his original complaint. However, this type of supplementation is not permitted. An amended complaint supersedes the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). Accordingly, only the allegations in the Second Amended Complaint are presently before the Court. The allegations asserted in the Original Complaint (Doc. 1) and in the First Amended Complaint (Doc. 5) are void.

### Preliminary Screening of Plaintiff's Second Amended Complaint

Given the allegations in the Second Amended Complaint pertaining to Plaintiff's ongoing medical issues, the Court is proceeding with an immediate screening of the Second Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### The Second Amended Complaint

Plaintiff alleges that, on January 5, 2017, "due to the tightness of the belly chain I suffers severe pain to my lung and have been experiencing lack of breathing and sharp pain coming from right beneath my heart which stops me from taking deep breath for about a whole day or couple hours at the least." The Second Amended Complaint does not provide any further allegations pertaining to the January 5, 2017 incident. Plaintiff contends that he has contacted the Pulaski County Detention Center Medical Department but his requests for medical attention have been ignored. He states he continues to suffer from "sharp pain coming from under [his]

heart and lack of breathing off and on throughout during the day." Plaintiff contends the Pulaski County Detention Center Medical Department is liable for deliberate indifference. In connection with his claims, Plaintiff requests $200,000 in damages. Plaintiff does not seek any form of injunctive relief.

**Discussion**

The Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

**Count 1 –** Deliberate indifference to serious medical needs against the Pulaski County Detention Center Medical Department.

Plaintiff's action will be dismissed without prejudice at this time because Plaintiff has failed to name a proper defendant. The only Defendant Plaintiff has named in the case caption and in the body of the Second Amended Complaint is the Pulaski county Detention Center Medical Department. Section 1983 imposes liability on "any person" who, under color of state law, deprives another of rights protected by the Constitution.[2] In *Monell*, the Supreme Court held that Congress intended municipalities and other local government entities to be included among those persons to whom § 1983 applies. 436 U.S., at 690, 98 S.Ct., at 2035. However, unlike municipalities, a jail is not a legal entity that can be sued under § 1983. *See Smith v. Knox*

---

[2] The section states, in relevant part:
"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983.

*County Jail*, 666 F.3d 1037, 1040 (7th Cir.2012) (Knox County Jail a "non-suable entity"); *Powell v. Cook County Jail*, 814 F.Supp. 757, 578 (N.D.Ill. 1993) (Cook County Jail is not an entity nor a "person" subject to suit under § 1983). The Pulaski County Detention Center Medical Department is simply a department within the Pulaski County Detention Center. Neither of these entities is a proper defendant in a § 1983 action. In order to proceed, Plaintiff either must sue an appropriate legal entity, see, *Monell v. Department of Social Services*, 436 U.S. 658, 690 (1978), or an individual or individuals who "caused or participated in alleged constitutional deprivation." *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Therefore the Pulaski County Detention Center Medical Department will be dismissed with prejudice as a Defendant. However, Plaintiff will be granted leave to amend his Complaint to name a proper defendant.

### Requirements for Third Amended Complaint

Plaintiff shall file his Third Amended Complaint on or before **May 11, 2017**. He should label the pleading "Third Amended Complaint" and include Case Number 17–cv–155–JPG. The amended complaint must stand complete on its own. Accordingly, the amended complaint should include all of Plaintiff's allegations in a single document. Each defendant must be identified as a defendant in the caption of the complaint by name or Doe designation.[3] The body of the complaint must provide a brief statement of Plaintiff's claims. For each claim, the Plaintiff must state which specific defendant was involved and what specifically the defendant did. For instance, if Plaintiff wishes to bring a claim pertaining to the January 5, 2017 incident he should identify, by name or Doe designation, the officers, nurses, or other officials who were personally involved and describe each defendant's conduct.

---

[3] Plaintiff may designate an unknown Defendant as John or Jane Doe, but he should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

In order to assist Plaintiff in preparing his amended complaint, the Clerk of the Court shall be directed to mail Plaintiff a blank civil rights complaint form along with a copy of Plaintiff's Original Complaint (Doc. 1), First Amended Complaint (to be docketed) and Second Amended Complaint (to be docketed). It is strongly recommended that Plaintiff use this Court's civil rights complaint form.

## Interim Relief

The Court is concerned with Plaintiff's ongoing health issues and takes his allegations very seriously. However, these matters cannot be addressed unless and until Plaintiff files a viable action. Further, to date, all of Plaintiff's pleadings have sought only monetary relief. To the extent that Plaintiff wishes to obtain and/or needs medical care during the pendency of this action, Plaintiff should file a separate motion for a TRO and/or a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. The motion should be filed in this action and not a separate or new action. In it, Plaintiff must set forth the specific request for relief, as well as the factual allegations that support the request.

## Plaintiff's Legal Status

In addition, the Complaint does not set forth sufficient allegations to determine the applicable legal standard for Plaintiff's claim. Different legal standards apply to medical claims of an arrestee (Fourth Amendment), pretrial detainee (Fourteenth Amendment), and prisoner (Eighth Amendment). The allegations in the Complaint shed little light on Plaintiff's legal status. The Complaint does not mention the Fourth, Eighth, or Fourteenth Amendment. Although Plaintiff is not required to plead legal theories at this stage in litigation, his amended complaint should include information that, at a minimum, assists the Court in applying the proper legal standard. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011);

*Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010); *Aaron v. Mahl*, 550 F.3d 659, 666 (7th Cir. 2008). That is, should Plaintiff amend his Complaint, he should tell the Court whether he is *currently* an arrestee, pretrial detainee, or prisoner (with regard to any ongoing constitutional violations). In addition, Plaintiff should tell the Court whether he was an arrestee, pretrial detainee, or prisoner at the time of any alleged constitutional violations (such as the violation that allegedly occurred on January 5, 2017).

## Disposition

Plaintiff's Motion to File Amended Complaint (Doc. 5) is **GRANTED.** The Court **DIRECTS** the Clerk of the Court to docket the proposed amended complaint associated with this motion (submitted on April 3, 2017) as Plaintiff's First Amended Complaint.

Plaintiff's Motion to File Amended Complaint (Doc. 7) is **GRANTED.** The Court **DIRECTS** the Clerk of the Court to docket the proposed amended complaint associated with this motion (submitted on April 10, 2017) as Plaintiff's Second Amended Complaint.

Consistent with the Second Amended Complaint, the Clerk of the Court is **DIRECTED** to terminate **BARNHILL, MEADORS, ACUFF, PULASKI COUNTY DETENTION CENTER, AND UNKNOWN PARTY** from the docket. Further, consistent with the Second Amended Complaint, the Clerk of the Court is **DIRECTED** to add the **PULASKI COUNTY DETENTION MEDICAL DEPARTMENT** as a Defendant.

**IT IS ORDERED** that the **PULASKI COUNTY DETENTION MEDICAL DEPARTMENT** is **DISMISSED with prejudice.** Consistent with this dismissal, the Clerk of the Court is **DIRECTED** to terminate this Defendant from the docket.

As Plaintiff's Second Amended Complaint names no other Defendants, the Complaint is **DISMISSED without prejudice.**

Plaintiff is **GRANTE**D leave to file a "Third Amended Complaint" on or before **May 11, 2017**. Should Plaintiff fail to file his Third Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form along with a copy of Plaintiff's Original Complaint (Doc. 1), First Amended Complaint (to be docketed) and Second Amended Complaint (to be docketed).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the Third Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The Third Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a Third Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: April 12, 2017**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**
